UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD LEWIS SYKES,

       Plaintiff,

v.                        Case No. 3:06-cv-1070-J-12MMH

CLAY COUNTY REPORTER, et al.,

       Defendants.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Washington Correctional Institution who is proceeding pro se and in forma pauperis, initiated this cause of action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on December 6, 2006. Plaintiff names the Clay County Reporter and Judge William A. Wilkes as the defendants.

Under the Statement of Claim, Plaintiff states:

> This is a Fifth Amendment violation, its due process of our Constitution of the United Stated denied this Petitioner his records the true records these people all of them (1) acted under color of state law[;] deprived him of his amendment rights[;] and[,] (3) that his rights were protected by the United States Constitution.

Complaint at 8.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss a prisoner's case at any time if the Court

Dockets.Justia.com

determines that his allegation of poverty is untrue, 28 U.S.C. §
1915(e)(2)(A), or the action is frivolous, malicious, fails to
state a claim upon which relief can be granted or seeks monetary
relief against a defendant who is immune from such relief. See 28
U.S.C. § 1915(e)(2)(B)(I)-(iii). Additionally, the Court must read
Plaintiff's pro se allegations in a liberal fashion. Haines v.
Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d
986, 988 (5th Cir. 1981).

     "A claim is frivolous if it is without arguable merit either
in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)
(citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th
Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which
fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not
automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328
(1989). Frivolity dismissals should only be ordered when the legal
theories are "indisputably meritless," id. at 327, or when the
claims rely on factual allegations which are "clearly baseless."
Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim
may be dismissed as frivolous when it appears that a plaintiff has
little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

     Here, it appears that Plaintiff has little or no chance of
success on his due process claim. Plaintiff states that Judge
William Wilkes has control of Plaintiff's criminal record and
Plaintiff seeks all of the minutes of the court from February 23,

- 2 -

2003, until April 15, 2004, and the records from all of the hearings. He explains that the Clay County Reporter Company worked at the hearings and the trial reporting the proceedings.

Plaintiff has not stated or provided operative facts showing how the Defendants deprived him of his due process rights under the United States Constitution. Plaintiff apparently is seeking a copy of his criminal case; however, he has not stated whether a copy was provided to appellate counsel, whether he was proceeding as an indigent criminal defendant or whether he has attempted to purchase a copy of the records.

Although Plaintiff may have had difficulty obtaining a copy of his criminal proceedings, he has not alleged facts which support a claim of constitutional dimension. It was Plaintiff's duty, not the Defendants, to ensure the trial transcript was prepared and properly transmitted for appeal purposes. There would have to have been a proper request for a transcript to be prepared. That burden clearly falls on the appellant. Plaintiff has not provided any facts showing that a proper request for a transcription of the record was made.

Additionally, the Court notes that judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th

Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by the judge during the proceedings in Plaintiff's criminal case, it is clear he is absolutely immune from suit in performing these judicial responsibilities. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), cert. denied, 503 U.S. 921 (1992). Therefore, insofar as Plaintiff seeks damages from this judicial officer, his claim is "completely without a legal basis." Id.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __13TH__ day of December, 2006.

_Howell W. Melton_
UNITED STATES DISTRICT JUDGE

sa 12/12
c:
Donald Lewis Sykes